has allotted to counsel. The first case today is case number 17-2053, United States v. David Miller. Before you begin, I just want to introduce our colleague who's sitting with us, Judge Katzman, who joins us from the Court of International Trade. You may begin. Thank you, Your Honor. I'm Robert Herrick. I'm here for David Miller. Now, Mr. Miller was indicted eight years after the expiration of the statute of limitations that was in effect at the time of the offense conduct back in 1995. We're arguing ineffective assistance of counsel for failing to raise that defense in the district court. Now, this ineffective assistance of counsel claim was not made in the district court? That's correct, Your Honor. I think it does raise a threshold question, obviously, and that is why should this court actually address the ineffective assistance claim? Obviously, there's a reluctance by the court to do so when the record is inadequate. Here, I'd suggest that there are two primary reasons. The first is a practical reason. Unfortunately, defense counsel has passed away. So at this point, the record is as good as it will ever be. So I would encourage the court to address the merits for that basis alone. So if we, again, jump to the second prong and the question of prejudice, I think you acknowledge that you have to deal with the Jeffries case and the Shore Chief cases, the Ninth Circuit cases, which appear to go against you. Certainly. I think Shore Chief is a little bit less on point, frankly. Shore Chief was a case where, frankly, the defendant actually tried to claim that the 2003 extension of the statute of limitations effectively repealed the statute of limitations that was in effect at the time of the offense conduct. At the time of the offense conduct, there was no statute of limitations defense. So he was taking sort of a different approach. I know that there's dicta in Shore Chief that goes against me. Can I just understand something about the case? This was a plea? That's correct. As I read your brief, you don't seem to be making an argument about the advice given to the client in making the plea choice. You seem to be focused on raising the issue to the court. That's correct, Your Honor. Okay. So, and that's the only argument you're making to us? It is. And really because, frankly, I can't conceive of a situation in which defense counsel tells his client, oh, by the way, we have the potential to have an absolute defense to this charge and the defendant opts not to pursue it. Well, that's why I'm puzzled by the way you framed the claim. Because if we don't have anything on the record to suggest whether or not that advice was or was not given, do we? We don't, Your Honor. Right. But if the evidence was that no such advice was given, it would seem to me there might be a stronger ineffective assistance counsel claim because there was inadequate advice with respect to the plea. But the only way you framed the case to us is that the problem was the lawyer didn't raise the issue to the court, which then raises the prejudice problem with Judge Katzman. Well, ultimately what I'm suggesting is that, as I say, I can't imagine a scenario where advice is given to... We don't know whether the advice was given or not. So the only way you can win the way you framed the case, as I understand it, is if the claim would succeed. I disagree, Your Honor. You can win even if the claim would not succeed? No, what I'm suggesting is I think this court can infer that the advice was not given to... Based on what? Based on the fact that no rational defendant opts not to pursue... Well, I don't know what the content of the advice was. I mean, suppose the advice was it's a pretty good case, but it's not that great. I think you'll likely lose. I think it'll clutter everything up. I think you'd be better off taking the plea. Well, Martina... We don't know whether that was said or not. But what we do know, Your Honor, is that this is an individual who took acceptance of responsibility on the day he was first confronted with the allegations. This was not a triable case. This was not a case where the defendant could have gone to trial. He literally admitted once confronted with the allegations that he had committed the acts, and he went on to write a letter to... Before he even had any counsel advising? That's correct. And he went on to write a letter to the victim. There is no claim for effective assistance on this record for bad advice. The only argument is that the claim was a viable claim that would have succeeded. That's correct. So if you don't show that it would have succeeded, you can't win. Well, I don't know that I have to prove, establish that it necessarily would have succeeded. I think I have to establish that there is a reasonable probability that there would have been success. Why? I don't understand why that would be the test. Well, simply because when we're talking about ineffective assistance claims, I think what we want to do is we want to encourage defense lawyers to... No, no. For prejudice. To show prejudice. Right. If it's a losing claim, what's the prejudice? Well, first of all, I disagree that it's a losing claim. I think this is a viable claim. I understand that. I'm just trying to figure out what we have to decide here. Do we have to decide whether it's a winning claim for you to win? I think you have to decide that it is a claim that had a good possibility of, a reasonable possibility of success. Why would that be a no? Suppose you said it has a reasonable possibility of success, what would then happen? He wouldn't have pled? You just represented that it's not a trialable case. He would have pled. Right. I think that if he does not succeed on this motion to dismiss, he winds up pleading. He doesn't have a defense to this case. So the prejudice will be as if the claim is a successful one. I think that's correct, Your Honor. Now, if I can move on to the question then of the actual substance of the claim. Obviously, I mentioned in my brief, and of course the United States has also mentioned, that there is contrary authority out there. I rely quite essentially makes it clear that, addressing this exact issue, that this is a colorable claim, and it's not just a colorable claim, but it's a claim that did have a chance of success in the district court. So in Weingartt... You're going around in circles, counsel, because you've just agreed that it's not enough for the posture of this case that it's a claim on which your client would have succeeded. And I don't see how Weingartt helps you to make that show. Well, the way that it helps, Your Honor, is first of all by recognizing that it was a serious claim, that it was a claim that could have been put forward and that could have been successful. Weingartt ultimately stands on a different posture from our claim, and the biggest difference is that Weingartt's counsel did not have the benefit of Weingartt itself. So Weingartt came out three months before the judgment entered in this matter. So if, and Weingartt essentially lays out the entire argument... But now it sort of goes the opposite direction. Once you take this outside the context of advice on the plea, it seems to me, then to show deficient performance, you've got to be, as Weingartt at least says, and I'm not sure what test you're proposing, that it had to be an obvious claim. Right. So Weingartt concluded it wasn't. Right, but why... So how does Weingartt help you? Because the counsel for Weingartt didn't have the benefit of the decision by the Second Circuit in Weingartt. So if we have a Second Circuit, three months before the judgment enters in this case, it's more obvious in 2017 than it was in Weingartt. So you think you satisfied deficient performance just on its face because of Weingartt, and it was then clear that there was an issue that was... I think both for that and also simply because in Weingartt there were alternative bases for a motion to dismiss, and defense counsel essentially said, this argument is too complex, and it was going to crowd out the other two more viable motions to dismiss. What do you make of, in your brief, you quote counsel saying, I want to look at the statute of limitations issue at one final time, but I am directed to proceed by plea. Is there anything beyond that statement in the record? That's the only thing in the record that I'm aware of, your honor. But even then, Weingartt was not a plea case, right? Right, it went to trial. Right, so wouldn't relevant to the performance of the trial counsel be an assessment of whether in this case it made sense to press maybe an obvious but not sure winning challenge in light of the fact that maybe I could get a plea deal, particularly when, as you've put it, there's no chance of success at trial? Right, but there's no plea deal here. I could get a plea. Right, but filing a motion to dismiss doesn't change that. I mean, filing a motion to dismiss, if he loses, he's in exactly the same posture as he was if basically under the circumstances as if it hadn't been tried at all. If there are no further questions, thank you. May it please the court, Julia Lopez for the United States. The defendant here has not cited a single case holding that an indictment such as the one in this case was time barred. In those circumstances, he cannot show that trial counsel's decision not to challenge the timeliness of the indictment was constitutionally defective or that it prejudiced him. I'd like to go first to the deficient performance prong, which the court has been discussing, and there was some conversation about whether Weingarten should have indicated to trial counsel that he should have filed a motion to dismiss in this case. I would like to note that the Weingarten decision was decided on July 27, 2017. The plea in this case was June 1, 2017. So it's not the case that trial counsel here had the benefit of the Second Circuit's decision and Weingarten at the time, he was evaluating the limitations defense. And if we look at the other case law that existed at the time, he was making that evaluation.  The court has referenced the Eighth Circuit's decision in Jeffries, the Ninth Circuit's decision in Sherchief. There were a handful of district court decisions from the Second Circuit, all of them finding that Congress had permissibly over time extended the statute of limitations to apply in cases such as this one. And if we widen the lens even a little bit beyond this particular statute of limitations just to criminal statutes of limitation generally, there were numerous circuits holding that Congress could permissibly extend the statute of limitations when the claim was not time barred. Just so I get it, in this case, the defendant pleas, right? Correct. Were there any arguments made to challenge the indictment at all? No, there was. Just to that point, what would be sensible about the lawyer not filing this challenge? What would be the downside of a lawyer challenging this? Well, as Your Honor has noted, the record is a little bit thin on this issue because this has been raised on direct appeal instead of in a habeas petition. So we don't know counsel's exact reasoning. We do know that he did identify the statute of limitations issue. His language suggests that he looked at it more than once because he indicated he wanted to look at it one, quote, final time before proceeding to plea. But doesn't that make it worse for you in some ways? I don't believe so, Your Honor. The lawyer is on to the issue. Correct. And then would have to make a judgment that, yeah, it's colorable. Yeah, I can see that maybe there's an argument, but I'm just not going to file it. What's the advantage to the client of not filing? Well, I think the question, a couple things, Your Honor. First, obviously, defense counsel in any case has to figure out the best way to use his time and resources. And here there was a lot of effort extended towards trying to challenge much of the government's evidence through a motion in limine, and that happened before the decision was made to proceed by plea. The other thing I would say, Your Honor, is I think there's a difference between what might be the best thing for a defense lawyer to do and what is constitutionally effective or ineffective. The standard of review on an ineffective assistance of counsel claim is highly deferential. The courts have said that there is a wide range of competent assistance. And here there was simply not a single case. Again, the decision here not to challenge the indictment is open issue in the circuit. There was no controlling precedent from this circuit, correct. It's an open issue in the circuit. He's aware of the issue, at least the record indicates. I'm not saying we can do this on direct appeal. I'm just trying to understand. It's an open issue in the circuit. It's a complete defense. Correct. There's no other arguments it's going to clutter. You just file one motion to dismiss the indictment on statute of limitations. He's going to plea anyway. There's no deal. So I'm just trying to understand what is the – who would want a lawyer who would, looking at that issue, say, I'll just pass. Again, Your Honor, I understand that this circuit there was no controlling precedent. Every single other court to have looked at the issue had concluded. How many is that? Well, we can look at that in two ways. Looking at these particular statutes, there's two circuits and multiple district courts. There's two out of 13. Correct. And nothing in this circuit. But, Your Honor, if you look more generally at just the principle of whether Congress can permissibly extend a criminal statute of limitations when the claim has not yet expired, I believe there were eight circuits that, at the time, had held that Congress could permissibly do that. And, of course, we also have the Supreme Court's decision in Stodner which draws a clear distinction between a law that extends an expired statute of limitations and one that is unexpired. If the court looks at the Stodner decision, the Supreme Court talks about the historical consensus among courts, legislators, commentators. Ms. LaPaz, I don't understand why you just don't answer Judge Barron's question directly. There is no downside. There would have been no downside in Judge Barron's terms to filing this motion. But is that the test, whether or not there's any downside? No, Your Honor, it's not the test. What is the test? That's what I'm trying to figure out. The test, Your Honor, is whether the decision at the time, not in hindsight but at the time, was objectively reasonable. The court is... But there would have been some upside to the client. Correct. Correct. And... Well, if we go to the prejudice... So that's what I'm trying to figure out. Is the only way that there can be an upside is if it's a winner? Correct, yes. Is there case law saying... Because Weingarten doesn't say that. Weingarten doesn't say for deficient performance. We look at the question of whether it was a winner. We look at whether it was an obvious... And I think we didn't say that it just has to be likely or something like that. I understand, Your Honor, but... Well, I guess there are two questions here. As to what the test is, how close a question does it have to be for us to decide whether it's deficient performance? Well, the court has said that a defense counsel is not obligated to raise every colorable claim, right? And that there is a wide range of competent performance. So I would be hard-pressed to say that when not a single court has gone the way that appellant wants, when not a single court has found an indictment such as this is time-barred, an objectively reasonable attorney couldn't say, this is not a motion that's worth filing and I need to focus my efforts elsewhere. What is your home-run case? You know, just focusing on the deficiency prong. Weingarten, Your Honor. Sorry? Weingarten. And I think what's... What about from this circuit? In this circuit, Your Honor? In other words, a situation where there is a colorable claim, it wouldn't take much effort to file a motion. It would in no way down the road prejudice the defendant when it came time to sentencing or consideration of acceptance of responsibility. What is the case that says that that is not deficient conduct? I don't have a case that's on all fours, Your Honor. I know the court has said, for example, in the Hart decision, that defense counsel is not required to raise every colorable claim. It looks back to the Supreme Court's Jones v. Barnes decision. The thing about it that just in those cases, at least the ones that I've come across, the idea is a sort of sorting function. What they often refer to is you don't want to clutter up your motion with a bunch of bad arguments. Correct. Which makes all the sense in the world. The puzzling thing here is there doesn't seem to be a tradeoff because there's no other argument that anyone's got in place. It would just be a single motion. It wouldn't be cluttering up. It's no motion or a motion with a single argument. I think the difficulty here, Your Honor, as you pointed out earlier, is that we don't actually know what defense counsel was thinking because this has been raised on direct appeal. There may have been very good reasons. There may have been discussions with the defendant. So the best way for us to decide then is just to do our normal course rather than trying to make law here about what ineffective assistance of counsel standards are or what the statute means for a whole range of cases, just to say take it up on 2255. If you can find a way to develop a record, go ahead and develop it. Yes, Your Honor. If the court determines that its decision is likely to hang on the performance prong here, then, yes, it might be appropriate to dismiss without prejudice to refiling. Of course, in order to make an ineffective assistance of counsel claim, appellant also has to show prejudice in this case. And I do believe, and this was discussed with my colleague, that in order to do that, he has to show that this was a winning claim. And we have set forth in our brief all of the precedent to suggest that there is nothing impermissibly retroactive or ex post facto about extending an unexpired statute of limitations. On the land graph point, though, as to whether Congress intended to do it. Well, I believe the language of the statute, which indicates no statute of limitations that would otherwise apply, shall apply in this case. As Weingarten pointed out, that language could be understood as simply displacing the preexisting five-year default rule. And so it doesn't tell us when it extended it to displace it again, it meant that displacement to be retroactive or not. And then under land graph, Your Honor, we look at the statute's intent, the legislative history, which is in our brief. I may finish the answer, Your Honor. And we also can look at what other circuits have done, with the exception of Weingarten, which did not decide the issue. The other circuits look at this. Which is two. Two, correct. Had determined that it was. So they haven't weighed in. Correct. Had determined that it's forward-looking. So just could you just make an affirmative argument as to why I should conclude that under land graph, this doesn't add to the disability to the defendant? Your Honor, it doesn't fall with any of the categories of impermissible retroactive effect that land graph sets forth. It doesn't increase his liability. He didn't have any. What about that phrase disability in land graph? One of the things it says is if there's an additional disability. There was no vested interest because the claim was still live. And that goes back to Stagner and talking about the difference between a live versus expired claim. There was no vested interest in not being prosecuted because the claim was still live. And I will note that even Weingarten had said that not a single court has held that extending an unexpired statute of limitations is an impermissible retroactive effect under land graph. The Weingarten court said that that would be a quote-unquote novel holding. We would urge the court not to be the first to do that but to go with all the other weight of precedent and conclude that what Congress did here permissibly extended the statute of limitations. And for those reasons, we urge the court to affirm. Thank you. Thank you.